Filed 11/24/20  P. v. Martinez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MELONY MARIE MARTINEZ,<br><br>    Defendant and Appellant. | F079465<br><br>(Super. Ct. No. MCR052566B)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Dale J. Blea, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

# PROCEDURAL HISTORY

By complaint filed October 21, 2015, in Madera County Superior Court, Melony Marie Martinez (defendant) and two others were charged with kidnapping (Pen. Code,[1] § 207, subd. (a); count 1) and attempting to deter an executive officer by means of threats or violence (§ 69, count 2), both felonies. On November 9, 2015, the complaint was amended to reduce count 2 to a misdemeanor and add count 3, a felony violation of section 278 (taking or withholding a child from the lawful custodian). Defendant pled guilty to the amended charges.[2] Imposition of sentence was suspended, and she was placed on five years' probation on various terms and conditions. Various monetary obligations were also imposed.

On September 23, 2016, the probation department recommended that defendant's probation be revoked for failure to report to probation as directed and to appear at a Work Force orientation as directed by her probation officer. It was further recommended that probation be reinstated with additional terms and conditions, including that defendant enroll in and complete the Day Reporting Program, and that she serve 60 days in jail. Defendant subsequently admitted the violation of probation on condition that she serve 30 days in jail. She accepted the additional terms and conditions of probation, which the court formally imposed.

On October 31, 2018, a petition to revoke defendant's probation was filed, alleging defendant had failed to enroll in the Day Reporting Program and to report to the probation department as directed, and that she had been terminated from the Day Reporting Program for failure to comply with attendance and program requirements. Defendant asserted that she had several medical issues that kept her from complying with

---

[1] All statutory references are to the Penal Code.

[2] Because defendant pled guilty prior to the preliminary hearing, the record on appeal contains virtually no factual information about the charged offenses.

2.

her probation terms and reporting as directed. As the probation department had received no documentation of defendant's medical history, and in light of the fact defendant had been on abscond status for almost a year, the probation department asked that the matter be referred back to it for a supplemental report and recommendation.

On April 12, 2019, defendant was informed of and waived her rights. The court advised her of the potential consequences of admitting the probation violation allegations. Defendant then admitted those allegations, and the matter was referred to the probation department for a supplemental report and recommendation. A copy of defendant's medical records were appended to the supplemental report for the court's consideration.

Defendant was sentenced on May 24, 2019. In arguing against the probation officer's recommendation that probation not be reinstated, defense counsel asserted that defendant failed to report not out of a willful desire to ignore her responsibilities, but because she was experiencing extensive medical trauma from several conditions that caused pain and sometimes left her confined to a wheelchair. Counsel related there was no mass transportation in the area where defendant lived, and that, while defendant recognized she could have made more efforts to comply with the terms of her probation, she was overwhelmed with her medical problems and family responsibilities.

The court stated it had read and considered the probation officer's report and the medical documentation. It observed that probationers needed to communicate with the probation department, and that defendant had had more than one chance to participate in probation and take advantage of the services offered. The court ordered that probation be revoked and not reinstated. On count 3, defendant was sentenced to the mitigated term of two years, to be served in county jail pursuant to section 1170, subdivision (h)(5)(A). The court found the aggravated term would be appropriate, but imposed the lower term due to defendant's circumstances. A concurrent term, which amounted to credit for time served, was imposed on count 2. A $300 restitution fine was imposed pursuant to section 1202.4, subdivision (b), and a probation revocation restitution fine in the same amount

3.

was imposed and suspended pursuant to section 1202.44. A $960 fine, comprising a base fine and various state and local fees and assessments, was imposed pursuant to section 278. Defendant was directed to report to the County Revenue Officer for a determination of ability to pay.

Defendant filed a timely notice of appeal. Her request for a certificate of probable cause was denied.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that defendant was advised she could file her own brief with this court. By letter dated February 3, 2020, we invited defendant to submit additional briefing. To date, she has not done so.[3]

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.

---

[3] Defendant wrote to this court, asking for assistance regarding how to get her time credits modified. We forwarded her correspondence to appellate counsel with directions to communicate with defendant. Counsel advised us that she did so. Thereafter, although defendant's time to file her own brief was extended several times, this court received no response to its *Wende* invitation.